UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS M. BATISTA, | Case No. 16-CV-0794 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA and NOEL JENSEN, | |
| Defendants. | |

Luis M. Batista, pro se.

Friedrich A. P. Siekert, UNITED STATES ATTORNEY'S OFFICE, for defendant United States of America.

Christopher A. Wills, Kevin F. Gray, and Michelle Draewell, RAJKOWSKI HANSMEIER LTD; and Stacy M. Lundeen, BRADSHAW & BRYANT, PLLC, for defendant Noel Jensen.

Plaintiff Luis M. Batista brought this action against the United States and various other parties under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b) & 2671 et seq. On July 26, 2017, the Court dismissed all of Batista's claims against the United States except those arising out of alleged medical malpractice that occurred while Batista was incarcerated at the Federal Correctional Institution, Elkton, in Lisbon, Ohio ("FCI Elkton"). ECF No. 113. After additional briefing, the government moved to dismiss these Ohio-based medical-malpractice claims. ECF No. 131.

This matter is before the Court on the government's objection to the April 13, 2018, Report and Recommendation ("R&R") of Magistrate Judge David Schultz. Judge Schultz recommends denying the government's motion to dismiss. ECF No. 155. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The government raised three arguments in its motion to dismiss. First, the government argued that Batista did not exhaust his administrative remedies, as required by the FTCA. 28 U.S.C. § 2675(a). Judge Schultz disagreed, finding that "[Batista] filed his administrative claim no earlier than April 26, 2015, approximately 14 months after arriving at Elkton" and that his claim "clearly includes allegations of malpractice that occurred during the 14 months between Batista's arrival in Ohio and the date he filed his administrative complaint, which was subsequently denied." ECF No. 155 at 6.

The government objects to Judge Schultz's recommendation that its motion be denied "to the extent any Ohio-based claims are based on any acts or omissions that occurred on and after April 26, 2015—the date Batista signed and submitted [his administrative claim]." ECF No. 157 at 8. The Court doubts that Judge Schultz and the government actually disagree on this point, but the R&R is ambiguous, and thus the Court will sustain the government's objection and clarify that any claim of Batista that is based on any act or omission occurring on or after April 26, 2015, is dismissed for

failure to exhaust administrative remedies. This dismissal includes, for example, any claim arising out of the evaluation conducted by an orthopedic specialist at FCI Elkton on or about May 29, 2015. *See* ECF No. 39 ¶¶ 16-17 (alleging that an orthopedic specialist declined to recommend a hip replacement, but instead recommended a hip injection that BOP staff later denied).

Second, the government argued that Batista's Ohio-based claims should be dismissed because he failed to comply with Ohio Rule of Civil Procedure 10(D)(2), which requires that complaints alleging medical malpractice include an "affidavit of merit" from an expert witness at the time of filing. After reviewing cases decided after *Fletcher v. University Hospitals of Cleveland*, 897 N.E.2d 147 (Ohio 2008), and *Daniel v. United States*, 716 F. Supp. 2d 694 (N.D. Ohio 2010), the government agrees with Judge Schultz's recommendation that its motion be denied on these grounds. The government's concession is well taken, as Rule 10(D)(2) is a procedural (not a substantive) requirement that directly conflicts with the Federal Rules of Civil Procedure (which do not impose heightened pleading standards in medical-malpractice actions). *See* ECF No. 157 at 11; *see also Larca v. United States*, 302 F.R.D. 148, 159-60 (N.D. Ohio 2014) ("[Federal Rules of Civil Procedure] 8 and 9 displace [Ohio Rule of Civil Procedure] 10(D)(2), and no affidavit of merit is required.").

Nonetheless, the government appears to request clarification that Batista "must still produce expert testimony to establish his prima facie case" and that "the recommendation was without prejudice to the Government filing its answer, conducting discovery, and litigating the case on the merits." ECF No. 157 at 11. The government states the obvious, and nothing in the R&R is to the contrary. *See, e.g., White v. Leimbach*, 959 N.E.2d 1033, 1039-40 (Ohio 2011) ("In general, when a medical claim questions the professional skill and judgment of a physician, expert testimony is required to prove the relevant standard of conduct.").

Finally, the government argued that the Court lacks jurisdiction to award injunctive relief under the FTCA. Judge Schultz agreed—but pointed out that Batista also seeks money damages. ECF No. 155 at 12.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court SUSTAINS IN PART AND OVERRULES IN PART the government's objection [ECF No. 157] and ADOPTS the R&R [ECF No. 155], except as described in this order. IT IS HEREBY ORDERED THAT the government's motion to dismiss [ECF No. 131] is GRANTED IN PART AND DENIED IN PART as follows:

1. The government's motion to dismiss plaintiff's Ohio-based medical malpractice claims is GRANTED insofar as those claims (a) arise from acts

-4-

or omissions occurring on or after April 26, 2015, or (b) seek injunctive relief. Those claims are DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

2. The government's motion is DENIED in all other respects.

Dated: July 16, 2018     s/Patrick J. Schiltz
                         Patrick J. Schiltz
                         United States District Judge